UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

                Plaintiff(s),

    v.

MARKWAYNE MULLIN, et al.,

              Defendant(s).

CASE NO. C26-1502-KKE

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER

This matter comes before the Court on Plaintiff's motion for a temporary restraining order ("TRO"). Dkt. No. 4. Plaintiff seeks an order enjoining United States Citizenship and Immigration Services ("UCSIS") from applying two policy memoranda—which effectively halt adjudication of benefit requests by noncitizens from certain countries—to her pending application for employment authorization. Plaintiff also seeks an order compelling USCIS to adjudicate her application by May 20, 2026, when her current work authorization will expire. Counsel for the Government[1] stated, based on communications with agency attorneys, that Plaintiff's application is not subject to the policy memoranda and offered to stipulate to a TRO enjoining the application of the memoranda to Plaintiff's application. But the Government opposes Plaintiff's request for

---

[1] This order refers to U.S. Homeland Security Secretary Markwayne Mullin, USCIS Director Joseph B. Edlow, and Acting U.S. Attorney General Todd Blanche collectively as "the Government."

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER - 1

immediate adjudication, which it contends would enable Plaintiff to unfairly cut the line in front of other similarly situated applicants.

For the following reasons, the Court will grant Plaintiff's motion in part and enter an injunction as stipulated to by the Government.  Rather than set a deadline for USCIS to adjudicate her application, however, the Court will order USCIS to do so according to her place in line assuming the adjudicative hold was never, and will never be, applied to her.  Finally, the Court will order the Government to disseminate this Order to USCIS officials responsible for adjudicating Plaintiff's application, and to file a declaration from a responsible official confirming the adjudicative hold has not affected Plaintiff's place in line and that USCIS will adjudicate her application without reference to the policy memoranda.

## I.   BACKGROUND

Plaintiff is a Canadian citizen, born in Iran, who currently resides in Seattle, Washington. Dkt. No. 4-3 ¶ 2.  She holds a master's degree in electrical engineering from an Iranian university and is licensed by the National Council of Examiners for Engineering and Surveying as a professional engineer.  *Id.* ¶ 4.  In 2023, she entered the United States in TN status (*id.* ¶ 3)—a visa status established by the United States-Mexico-Canada Agreement (formerly, NAFTA), which "allows a citizen of Mexico or Canada to be admitted to the United States for the purpose of 'engag[ing] in [certain] business activities at a professional level[.]'"  *Martinez-Rodriguez v. Giles*, 31 F.4th 1139, 1144 (9th Cir. 2022) (first alteration in original) (quoting 8 U.S.C. § 1184(e)(2)).  Plaintiff is employed by a U.S. company, where she holds the position of Vice President, Electrical Engineering.  *Id.* ¶ 5; Dkt. No. 1 ¶ 43.

In November 2025, Plaintiff's spouse, a U.S. citizen, filed an I-130 petition—typically, a prerequisite to obtaining permanent residency based on marriage—on Plaintiff's behalf.  Dkt. No.

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER - 2

1-3.  On the same day, Plaintiff filed applications for permanent residency (Form I-485), a travel document (Form I-131), and employment authorization (Form I-765).  Dkt. No. 4 at 5.

Weeks later, on December 2, 2025, USCIS issued the first of two memoranda effectively halting adjudication of USCIS benefits applications by individuals from certain countries pending "a comprehensive review" of USCIS policies.[2]  Policy Memorandum PM-602-0192 ("PM-0192") placed an "adjudicative hold" on all "pending benefit requests filed by" noncitizens who are either born in, or citizens of, nineteen "high-risk countries" identified in Presidential Proclamation 10949, including Iran.  PM-0192 at 2 (citing Proclamation No. 10949, 90 Fed. Reg. 24497 (June 6, 2025)).  According to PM-0192, "[t]his hold will remain in effect until lifted by the USCIS Director through a subsequent memorandum."  *Id.* at 2–3.

Plaintiff completed her in-person biometrics appointment at USCIS's application support center in Seattle.  *Id.* ¶ 22; Dkt. No. 1-2.  On December 8, a week after PM-0192 halted adjudication of benefit requests by individuals from Iran, Plaintiff submitted her birth certificate to USCIS in response to a request.  Dkt. No. 1 ¶ 23; Dkt. No. 4-3 ¶ 7.  Plaintiff states that, other than this request, USCIS has not issued any further requests for evidence, identified any deficiency in her application, or sought additional information.  Dkt. No. 4-3 ¶ 11.

On January 1, 2026, USCIS issued a second memorandum, PM-602-0194 ("PM-0194"),[3] which left the "guidance" in PM-0192 largely in place and extended the adjudicative hold to noncitizens from additional countries identified in a subsequent Presidential Proclamation.  PM-

---

[2] *See* U.S. Citizenship & Immigr. Servs., PM-602-0192, *Hold and Review of all Pending Asylum Applications and all USCIS Benefit Applications Filed by Aliens from High-Risk Countries* ("PM-0192") (Dec. 2, 2025), https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0192-PendingApplicationsHighRiskCountries-20251202.pdf.

[3] *See* U.S. Citizenship & Immigr. Servs., PM-602-0194, *Hold and Review of USCIS Benefit Applications Filed by Aliens from Additional High-Risk Countries* ("PM-0192") (Jan. 1, 2026), https://www.uscis.gov/sites/default/files/document/policy-alerts/PM-602-0194-PendingApplicationsAdditionalHighRiskCountries-20260101.pdf.

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER - 3

0194 at 2–3 (citing Proclamation No. 10998, 90 Fed. Reg. 59717 (Dec. 16, 2025)).  PM-0194 clarified that the "hold" on benefit applications "allows a case to proceed through processing, up to final adjudication[,]" but generally prevents "issuance of a final decision on a case, such as an approval, denial, or dismissal." *Id.* at 1 n.1.  Like PM-0192, PM-0194 provides that the hold "will remain in effect until lifted or modified by the USCIS Director through a subsequent memorandum or memorandum attachment." *Id.* at 3.

On March 3, 2026, Plaintiff completed an interview for her permanent residency application at her designated USCIS office.  Dkt. No. 1 ¶ 25; Dkt. No. 4-3 ¶ 9.  She states that, at the end of her interview, the USCIS officer informed her "there were no outstanding issues or documents" needed for her application but that her "case was subject to a hold on processing because" of her Iranian birthplace.  Dkt. No. 4-3 ¶ 10.

Plaintiff's TN visa authorizes her to maintain her current employment in the United States but will expire on May 20, 2026.  Dkt. No. 4-3 ¶ 12.  Once her visa expires, Plaintiff states she will lose work authorization and will be unable to lawfully continue her employment unless USCIS approves her I-765 by that date.  *Id.* ¶¶ 14–15.  Plaintiff explains that if she loses her job, she will be unable to financially support her mother, who walks with a prosthetic limb and suffers from carpal tunnel syndrome and coronary artery disease.  Dkt. No. 4-5 at 8.

On May 4, 2026, Plaintiff filed this lawsuit against the director of USCIS, the Secretary of Homeland Security, and the Acting U.S. Attorney General, seeking injunctive and mandamus relief ordering USCIS to adjudicate her benefit requests. Dkt. No. 1.  Three days later, she moved for a TRO enjoining USCIS from applying PM-0192 and PM-0194 to her pending I-765 application and ordering it to adjudicate the request before May 20. Dkt. No. 4.  She concurrently moved for a preliminary injunction, seeking similar relief with respect to her I-131 and I-485 applications, though not necessarily a final decision by May 20. *Id.*  The Government filed an

opposition to the TRO motion (Dkt. No. 7), and the parties each filed supplemental briefs providing additional information about the status of Plaintiff's application (Dkt. Nos. 10, 11). The Court herd oral argument on May 14, 2026. Dkt. No. 12.

The Government's supplemental brief states that Plaintiff's application is not subject to the adjudicative hold under PM-0192 or PM-0194 because she falls within an exception listed in Presidential Proclamation 10998 for dual citizens traveling on a passport of a country not designated as high-risk—i.e., Canada. Dkt. No. 10 at 1–2 (quoting Proclamation No. 10998, 90 Fed. Reg. 59717). At oral argument, the Government's counsel stated that she confirmed this information from two USCIS attorneys, who pulled Plaintiff's file and concluded that she qualified for the exception. But the Government has not submitted evidence rebutting Plaintiff's testimony that she was told her application was on hold because of her birthplace. And counsel acknowledged it was possible that the USCIS in-house attorneys with whom she conferred had a different view of the adjudicative hold policy than the agency's adjudications officers, and that she had not directly conferred with any officers responsible for adjudicating Plaintiff's application.[4]

Plaintiff's supplemental brief disputes that USCIS has not applied the policy memoranda's adjudicative hold to her application. Dkt. No. 11. As Plaintiff observes, while the Proclamation includes a dual-national exception, the policy memoranda, on their face, do not. *Id.* 11 at 1–2. Indeed, the Proclamation largely addresses the entry of foreign nationals from "high-risk" countries—not benefit requests—and does not apply at all to noncitizens already physically present in the country. *See* Proclamation 10998 § 6(a), 90 Fed. Reg. 59717. The policy memoranda, on the other hand, apply to all noncitizens "who list one of the high-risk countries as their Country of Birth or Country of Citizenship." PM-0194 at 1 n.5; *see also* PM-0192 at 1 n.3.

---

[4] The Court appreciates counsel's candor in this regard.

Plaintiff also submitted a letter sent by USCIS to her employer concerning an H-1B application her employer submitted on her behalf, which identifies Plaintiff's Iranian birthplace as a "significant negative factor[]" that, according to USCIS, must be overcome with additional evidence to warrant favorable treatment of the application.  Dkt. No. 11-2.

## II.    DISCUSSION

### A.    Legal Standard

The legal standard governing motions for a TRO is "substantially identical" to that governing preliminary injunction motions.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Parties seeking a TRO must show: (1) that they are likely to succeed on the merits, (2) that they are likely to suffer irreparable harm absent preliminary relief, (3) that the balance of equities tips in their favor, and (4) that an injunction serves the public interest.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  The Ninth Circuit uses a sliding scale approach to preliminary injunctions, such that "a stronger showing of one element may offset a weaker showing of another." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011); *see also Pimentel v. Dreyfus*, 670 F.3d 1096, 1105 (9th Cir. 2012).  Thus, under the sliding scale approach, a plaintiff is entitled to a TRO if she has raised "serious questions going to the merits … and the balance of hardships tips sharply in [her] favor." *All. for the Wild Rockies*, 632 F.3d at 1131 (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).

### B.    The Court Will Enjoin USCIS From Applying PM-0192 or PM-0194 to Plaintiff

At oral argument, counsel for the Government agreed to stipulate to a TRO enjoining USCIS from applying PM-0192 or PM-0194 to Plaintiff's application.  According to the Government, USCIS has never applied the adjudicative hold to her application, has no intention of doing so, and is in the process of adjudicating her I-765 in the ordinary course, which involves

processing applications on a "first in, first out" basis according to the date of submission. Dkt. No. 10 at 2–3. Plaintiff's current wait time, now just over six months, is still less than the eight months that USCIS currently estimates it takes to adjudicate 80% of I-765 applications.[5] *Id.* at 3. The Government argued that ordering USCIS to adjudicate her application by May 20 would effectively move her to the front of the line ahead of other applicants, many of whom likely face similar equities.

In light of the Government's stipulation, the Court will enjoin USCIS from applying PM-0192 and PM-0194, including the adjudicative hold policy, to Plaintiff's application. The Court agrees, however, that the appropriate relief is for Plaintiff's application to be processed according to its place in line, as it would have been assuming (as the Government represents) the adjudicative hold was never applied to her.

Courts in the Ninth Circuit adjudicate claims for "unlawfully withheld or unreasonably delayed" agency action under the Administrative Procedure Act ("APA") (*see* 5 U.S.C. § 706(1)) using the multifactor test from *Telecommunications Research & Action Center v. F.C.C.* ("*TRAC*"), 750 F.2d 70 (D.C. Cir. 1984). *See Vaz v. Neal*, 33 F.4th 1131, 1137 (9th Cir. 2022) (citing *TRAC*, 750 F.2d at 79–80). Under this test, the first and "most important" factor is whether the time taken by the agency is governed by a "rule of reason[.]" *Id.* at 1137–38 (first quoting *TRAC*, 750 F.2d at 80, and then quoting *In re A Cmty. Voice*, 878 F.3d 779, 786 (9th Cir. 2017)). Several district courts have recently held that applying the adjudicative hold policy to benefits applications like the Plaintiff's here is unreasonable. *See Varniab v. Edlow*, No. 25-CV-10602-

---

[5] Plaintiff disputes the accuracy of the eight-month estimate as applied to her application. She contends that the more accurate estimate is based on the time she filed her I-765, and that, at that time, the median processing time was approximately four months. Dkt. No. 11 at 4. Even accepting this contention, however, Plaintiff's wait time is within the normal expected range. "Median" in this context means that half of the applications took longer than four months and half took less than four months. Plaintiffs' current wait time of just over six months is not far from the four-month median she identifies.

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER - 7

SVK, 2026 WL 485490 (N.D. Cal. Feb. 20, 2026); *Behdin v. Edlow*, No. 26-CV-00566-SVK, 2026 WL 1031079 (N.D. Cal. Apr. 16, 2026); and *Karimi v. Mullin*, No. 5:26-CV-5049, 2026 WL 1103448 (W.D. Ark. Apr. 23, 2026).  However, as courts in this District have held, the first in, first out principal is a reasonable rule governing the time USCIS takes to adjudicate I-765 applications, at least absent a showing of exceptional delay.  *See Xing v. U.S. Citizenship & Immigr. Servs.*, No. C26-607-RSM, 2026 WL 765508, at *2 (W.D. Wash. Mar. 18, 2026).  Plaintiff is thus unlikely to succeed in showing (and indeed does not claim) that USCIS must prioritize her application over others that are before her in line to the extent the adjudicative hold policy does not in fact apply to her application.

While the Court does not doubt the sincerity of the Government's counsel, the record before the Court nonetheless suggests USCIS officers may have applied the adjudicative hold to Plaintiff's application despite the position relayed by USCIS's in-house attorneys.  No declarations were submitted in support of the Government's opposition or supplemental brief setting out the agency's position.  And the Government has not submitted evidence rebutting Plaintiff's testimony that a USCIS officer told Plaintiff that her application was on hold because of her birthplace.  Nor has it explained how the dual-national exception in Proclamation 10998 limits the scope of PM-0192 or PM-0194, despite contrary language in both memoranda.  USCIS's letter to Plaintiff's employer concerning the H-1B application further indicates that USCIS is applying a policy disfavoring benefit applications on behalf of Iranian-born individuals.

Accordingly, to ensure compliance with the stipulated injunction, the Court will order the Government to disseminate this Order to all USCIS officials responsible for processing Plaintiff's application and to submit a declaration from a USCIS official confirming compliance with this Order.  The declaration must (1) confirm that USCIS has never, and will not, apply PM-0192 and PM-0194 to Plaintiff's I-765 application; (2) confirm that USCIS will process Plaintiff's I-765

application on a first in, first out basis, according to the order in which her application was received; and (3) state whether PM-0192 and PM-0194 have, at any time, affected Plaintiff's position in the queue for processing or have delayed adjudication of her I-765 application in any respect. This declaration must come from a USCIS official with direct, personal involvement in the processing of Plaintiff's application or from an individual who directly supervises such an official.[6]

### III.  CONCLUSION

Plaintiff's motion for a temporary restraining order is GRANTED IN PART:

(1) The Government and USCIS are hereby ENJOINED from applying PM-602-0192 and PM-602-0194, including the adjudicative hold policy set forth therein, to Plaintiff's I-765 application for employment authorization.

(2) The Government and USCIS are ORDERED to adjudicate Plaintiffs' I-765 in the ordinary course—i.e., on a first in, first out basis, according to the order in which her application was received.

(3) The Government is ORDERED to notify USCIS and any individual USCIS officer with responsibility for processing Plaintiff's I-765 application of this Order, and to provide a copy of this Order to such officials. The Government shall file a declaration confirming that it has done so no later than **May 15, 2026**.

(4) The Government shall also, no later than **May 15, 2026,** file a declaration by a USCIS official with direct, personal involvement in the processing of Plaintiff's application or from a direct supervisor of such an official. That declaration must:

---

[6] To the extent the Government is unable to provide such a declaration, Plaintiff may renew her request for emergency relief.

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER - 9

(i) confirm that USCIS has never, and will not, apply PM-602-0192 and PM-602-0194 to Plaintiff's I-765 application;

(ii) confirm that USCIS will process Plaintiff's I-765 application on a first in, first out basis, according to the order in which her application was received; and

(iii) state whether PM-602-0192 and PM-602-0194 have, at any time, affected Plaintiff's position in the queue for the processing of her I-765 application or delayed adjudication of her application in any respect.

Dated this 14th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER GRANTING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER - 10