UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JANE DOE,

                    Plaintiff(s),

        v.

MARKWAYNE MULLIN, et al.,

                    Defendant(s).

CASE NO. C26-1502-KKE

ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED
UNDER PSEUDONYM

Plaintiff filed her complaint for mandamus and injunctive relief on May 4, 2026 (Dkt. No. 1), and concurrently filed this motion to proceed pseudonymously (Dkt. No. 2). Plaintiff is a Canadian citizen, born in Iran, who is suing the Secretary of Homeland Security, the director of U.S. Citizenship and Immigration Services ("USCIS"), and the Acting U.S. Attorney General to compel the adjudication of her pending applications for immigration benefits. *See generally* Dkt. No. 1. Plaintiff fears that revealing her name and immigration status in connection with this lawsuit would adversely affect her employment and career prospects, result in unwanted scrutiny and safety concerns, and cause her reputational injury within her industry. Dkt. No. 2 at 2. Defendants do not oppose Plaintiff's request to proceed under a pseudonym. Dkt. No. 16.

Federal Rule of Civil Procedure 10(a) requires that a "complaint must name all the parties[.]" Therefore, "[t]he normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM - 1

2010).   The Ninth Circuit permits parties "to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067–68 (9th Cir. 2000) (citation modified).   Accordingly, the Ninth Circuit directs district courts to apply a "balancing test" in exercising their discretion to determine whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.   The Ninth Circuit provides the following factors to evaluate the need for anonymity: "(1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation." *Id*. at 1067–68 (citation modified).   Courts must also consider "whether proceedings may be structured so as to mitigate [the] prejudice [at each stage of the proceedings to the opposing party]" and "decide whether the public's interest in the case would be best served by requiring the litigants reveal their identities." *Id*. at 1068.

Here, all factors weigh in favor of granting Plaintiff's motion.   Plaintiff's motion describes her reasonable fears of harm due to her currently tenuous immigration status and the attendant risks of harm to her employment and professional standing.   Dkt. No. 4 at 4–5.   Plaintiff's anonymity will not prejudice Defendants, who do not oppose her motion, as her immigration records can be, and have been, ascertained by Defendants from the information, including application receipt numbers, available on the docket.   And lastly, the public interest favors allowing Plaintiff to safely pursue this action to enforce her statutory rights.

As such, the Court GRANTS Plaintiff's motion to proceed pseudonymously, at this stage of the proceedings.   Dkt. No. 2.   The parties shall refer to Plaintiff as "Doe" (or, simply, "Plaintiff") in all public filings in this action.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM - 2

Dated this 22nd day of May, 2026.

Kymberly K. Evanson
United States District Judge